**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4484**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

CARLOS EDUARDO FUENTES-RAMIREZ, a/k/a Fuentes Carlos
Ramirez, a/k/a Carlos Edward Rameriz, a/k/a Juan Doe, a/k/a
Jose Carlos Fuentes R, a/k/a Alfredo Fuentes, a/k/a Carlos
Alfredo, a/k/a Jose E. Rodriquez, a/k/a Alfredo Calderon,
a/k/a Carlos Edwardo Ramirez, a/k/a Carlos Edwardo Rameriz,
Carlos Edward Ramirez,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Gerald Bruce Lee, District
Judge.  (1:09-cr-00480-GBL-1)

Submitted:  February 28, 2011      Decided:  March 18, 2011

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Frances H.
Pratt, Geremy C. Kamens, Assistant Federal Public Defenders,
Alexandria, Virginia, for Appellant.  Neil H. MacBride, United
States Attorney, William H. Jones, II, Special Assistant United
States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlos Eduardo Fuentes-Ramirez appeals his forty-eight-month prison sentence for one count of illegally re-entering the United States after an aggravated felony conviction in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). Fuentes-Ramirez contends that his sentence is procedurally unreasonable because the district court failed to adequately place an individualized assessment on the record at the sentencing hearing. Finding no reversible error, we affirm.

We review a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to inspect for procedural reasonableness by ensuring that the district court committed no significant procedural errors, such as improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. United States v. Boulware, 604 F.3d 832, 837-38 (4th Cir. 2010). We then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. On appeal, we presume that a sentence within a properly-calculated Guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007). That presumption may be rebutted by a showing "that the sentence is unreasonable when measured

3

against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

When sentencing, a district court should first correctly calculate the applicable Guidelines range and thereafter give the parties the opportunity to argue for whatever sentence they deem appropriate. United States v. Hernandez, 603 F.3d 267, 270 (4th Cir. 2010). The sentencing court must consider all of the § 3553(a) factors and conduct an individualized assessment of the facts before it. See id. at 270-71. The district court's explanation for imposing a sentence must be "sufficient 'to satisfy the appellate court that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" Boulware, 604 F.3d at 837 (quoting Rita v. United States, 551 U.S. 338, 356 (2007)). But when a sentencing court decides to simply apply the Guidelines, "doing so will not necessarily require lengthy explanation." Rita, 551 U.S. at 356.

Fuentes-Ramirez argues on appeal that the district court's explanation was deficient in two respects: (1) the explanation could apply to many other defendants and was therefore not an individualized assessment; and (2) the explanation failed to address Fuentes-Ramirez's argument that

4

one of his prior convictions was effectively "double counted" because it elevated both his offense level and his criminal history under the U.S. Sentencing Guidelines Manual (2009). Fuentes-Ramirez preserved these procedural issues for appeal by arguing for a sentence more lenient than that ultimately imposed by the district court. See United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010).

It is true that many other defendants who are brought before the district courts on charges of illegal re-entry are in similar life circumstances as Fuentes-Ramirez. But the fact that the district court's explanation of its reasons for imposing Fuentes-Ramirez's sentence may apply equally to other similarly-situated defendants does not defeat the individualization of the court's assessment. It is just these sorts of garden-variety scenarios that—when a within-Guidelines sentence is imposed—necessitate less extensive explanation "because guidelines sentences themselves are in many ways tailored to the individual and reflect approximately two decades of close attention to federal sentencing policy." United States v. Johnson, 587 F.3d 625, 639 (4th Cir. 2009), cert. denied, Martin v. United States, 130 S. Ct. 2128 (2010), (internal quotation marks omitted).

The district court's explanation here was not the sort of generic, universally-applicable recitation we found

5

insufficient in United States v. Carter, 564 F.3d 325, 329 (4th Cir. 2009). It was offense-specific, made mention of the defendant's personal background, and specifically dealt with his criminal history. A district court is not required to "robotically tick through § 3553(a)'s every subsection," United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006), nor must it explicitly state its rationale for the rejection of every unsuccessful argument brought before it. See Rita, 551 U.S. at 356 ("Sometimes a judicial opinion responds to every argument; sometimes it does not . . . . The law leaves much, in this respect, to the judge's own professional judgment."). The downward departure granted by the district court at sentencing essentially mooted, or at the least substantially lessened, Fuentes-Ramirez's double-counting argument and the argument went unmentioned at the sentencing hearing. The district court's silence on this contention does not render the sentence unreasonable.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

6